OFFICE OF DISCIPLINARY COUNSEL *v.* HALEY.

[Cite as *Disciplinary Counsel v. Haley* (2000), 90 Ohio St.3d 1204.]

(No. 00–755—Submitted and decided September 5, 2000.)

ON CERTIFIED ORDER OF THE SUPREME COURT OF NEW JERSEY, No. D–109–99.

This cause is pending before the Supreme Court of Ohio in accordance with the reciprocal discipline provisions of Gov.Bar R. V(11)(F).

On April 26, 2000, relator, Office of Disciplinary Counsel, filed with this court a certified copy of an order of the Supreme Court of New Jersey entered February 28, 2000, in *In the Matter of Timothy S. Haley* in case No. D–109–99, disbarring respondent, Timothy S. Haley, a.k.a. Timothy Samuel Haley, by consent. On May 2, 2000, this court ordered respondent to show cause why identical or comparable discipline should not be imposed in this state. Respondent filed no response to the show cause order. This cause was considered by the court and on consideration thereof,

IT IS ORDERED AND ADJUDGED by this court that pursuant to Gov.Bar R. V(11)(F)(4), respondent, Timothy S. Haley, a.k.a. Timothy Samuel Haley, Attorney Registration No. 0047661, last known address in Caldwell, New Jersey, be permanently disbarred from the practice of law in Ohio.

IT IS FURTHER ORDERED that the respondent, Timothy S. Haley, a.k.a. Timothy Samuel Haley, immediately cease and desist from the practice of law in any form and is hereby forbidden to appear on behalf of another before any court, judge, commission, board, administrative agency, or other public authority.

IT IS FURTHER ORDERED that respondent is hereby forbidden to counsel or advise or prepare legal instruments for others or in any manner perform such services.

IT IS FURTHER ORDERED that respondent is hereby divested of each, any, and all of the rights, privileges, and prerogatives customarily accorded to a member in good standing of the legal profession of Ohio.

IT IS FURTHER ORDERED that respondent surrender his certificate of admission to practice to the Clerk of this court on or before thirty days from the date of this order, and that his name be stricken from the roll of attorneys maintained by this court.

IT IS FURTHER ORDERED, *sua sponte*, by the court, that within ninety days of the date of this order, respondent shall reimburse any amounts that have been awarded against the respondent by the Clients' Security Fund pursuant to

Gov.Bar R. VIII(7)(F). It is further ordered, *sua sponte*, by the court that if, after the date of this order, the Clients' Security Fund awards any amount against the respondent pursuant to Gov.Bar R. VIII(7)(F), the respondent shall reimburse that amount to the Clients' Security Fund within ninety days of the notice of such award.

IT IS FURTHER ORDERED that on or before thirty days from the date of this order, respondent shall:

1. Notify all clients being represented in pending matters and any co-counsel of his disbarment and his consequent disqualification to act as an attorney after the effective date of this order and, in the absence of co-counsel, also notify the clients to seek legal service elsewhere, calling attention to any urgency in seeking the substitution of another attorney in his place;

2. Regardless of any fees or expenses due respondent, deliver to all clients being represented in pending matters any papers or other property pertaining to the client, or notify the clients or co-counsel, if any, of a suitable time and place where the papers or other property may be obtained, calling attention to any urgency for obtaining such papers or other property;

3. Refund any part of any fees or expenses paid in advance that are unearned or not paid, and account for any trust money or property in the possession or control of respondent;

4. Notify opposing counsel in pending litigation or, in the absence of counsel, the adverse parties, of his disqualification to act as an attorney after the effective date of this order, and file a notice of disqualification of respondent with the court or agency before which the litigation is pending for inclusion in the respective file or files;

5. Send all notices required by this order by certified mail with a return address where communications may thereafter be directed to respondent;

6. File with the Clerk of this court and the Disciplinary Counsel of the Supreme Court an affidavit showing compliance with this order, showing proof of service of notices required herein, and setting forth the address where the affiant may receive communications; and

7. Retain and maintain a record of the various steps taken by respondent pursuant to this order.

IT IS FURTHER ORDERED that until such time as he fully complies with this order, respondent shall keep the Clerk and the Disciplinary Counsel advised of any change of address where respondent may receive communications.

IT IS FURTHER ORDERED, *sua sponte*, that all documents filed with this court in this case shall meet the filing requirements set forth in the Rules of

Practice of the Supreme Court of Ohio, including requirements as to form, number, and timeliness of filings.

IT IS FURTHER ORDERED, *sua sponte,* that service shall be deemed made on respondent by sending this order, and all other orders in this case, by certified mail to the most recent address respondent has given to the Attorney Registration Office.

IT IS FURTHER ORDERED that the Clerk of this court issue certified copies of this order as provided for in Gov.Bar R. V(8)(D)(1), that publication be made as provided for in Gov.Bar R. V(8)(D)(2), and that respondent bear the costs of publication.

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.